IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 8:06CR191 |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ROBERT C. GREEN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the United States of America's ("the government's") motion in limine, Filing No. 28. The government seeks a determination of the admissibility at trial of evidence of the defendant's commission of another sexual assault under Fed. R. Evid. 413.[1]

Defendant is charged with kidnapping in violation of 18 U.S.C. § 1201(a). The Indictment charges that defendant "unlawfully and willfully seized, confined inveigled, kidnaped, abducted and carried away for ransom, reward or otherwise, a female, by taking said female against her will in Kansas City, Kansas and transporting her in interstate commerce to the State of Nebraska." Filing No. 19. The government argues that although the defendant has not been charged with sexual assault, Rule 413 is applicable because the crime "involves" sexual assault as defined in Rule 413(d). It argues that sexual assault is "involved" in the crime in that the statutory requirement that the kidnapping be undertaken "for ransom, reward or otherwise" means that a motive of sexual assault essentially amounts to an element of the crime. *See* 18 U.S.C. § 1201.

---

[1] This order supplements findings made on the record at a hearing on December 19, 2006, with respect to the government's motion under Fed. R. Evid. 404(b).

The Federal Kidnapping Act criminalizes "transportation in interstate or foreign commerce of persons who were being unlawfully restrained in order that the captor might secure some benefit to himself."  *Gooch v. United States,* 297 U.S. 124, 128 (1936).  The "or otherwise" language in the kidnapping statute is interpreted broadly.  *United States v. Stands,* 105 F.3d 1565, 1576 (8th Cir. 1997).  A conviction is proper "if the victim was taken 'for some reason that the defendant considered of sufficient benefit to him, or for "some purpose of his own."'"  *Id.* (*quoting United States v. Bordeaux,* 84 F.3d 1544, 1548 (8th Cir. 1996)).

The government contends that one of several objectives of the kidnapping at issue was sexual assault.  Because there were also other objectives or motives, the nexus between the kidnapping offense and the offense of sexual assault, to which Rule 413 would apply, is too tenuous to support application of the rule.  Accordingly,

IT IS ORDERED that the government's motion for an order in limine precluding the defendant from seeking the exclusion of testimony from C. S., a government witness, is denied.

DATED this 20th day of December, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief U.S. District Judge