IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:06CR191 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| ROBERT C. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the defendant's Motions to Vacate under 28 U.S.C. § 2255, Filing Nos. 85 and 89.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of the defendant's § 2255 motion.  Rule 4(b) provides:

> Initial Consideration by the Judge.  The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The record indicates that the defendant plead guilty to Counts II and III of a Superseding Indictment charging the defendant with using a weapon during a crime of violence and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 924(c) and 922(g) respectively.  *See* Filing No. 61, Judgment in Criminal Case.  The court sentenced the defendant to the custody of the Bureau of Prisons for 120 months followed by 3 years supervised release.

The court has construed the defendant's motions for ineffective assistance of counsel as a § 2255 motion. In his § 2255 motions, the defendant asserts a claim of ineffective assistance of counsel, alleging that his attorney did not prepare for trial, did not

subpoena a key witness, and thereby induced the defendant into pleading guilty against his will.  Filing No. 85 and 89.

It does not plainly appear from the motions and the record of prior proceedings that the defendant is not entitled to relief.  Therefore, the court will order the United States to respond by answer to the defendant's claim of ineffective assistance of counsel.

THEREFORE, IT IS ORDERED:

1.  Upon initial review, the court finds that summary dismissal of the defendant's § 2255 motions is not required.

2.  By May 18, 2009, the United States shall file an answer to the defendant's § 2255 motions, supported by a brief.

3.  The defendant shall have 30 days from the filing of the government's answer and brief to file a reply brief.

4. Attorney Chad Primmer is appointed to represent the above defendant in this matter.  Mr. Primmer shall forthwith file an appearance in this matter.  The Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) in accordance with the Criminal Justice Act Plan for this district.  Counsel's appointment is made pursuant to 18 U.S.C. § 3006A(f).  At the time of the entry of judgment herein, defendant shall file a current and complete financial statement to aid the court in determining whether any portion of counsel's fees and expenses should be reimbursed by defendant.

5.  The Clerk shall provide a copy of this order to the Federal Public Defender for the District of Nebraska.

6.  The defendant's motions for discovery (Filing No. 86 and 90) are denied as moot since the defendant has appointed counsel who can request to receive and review all documents relevant to the defendant's claim for ineffective assistance of counsel.

DATED this 28th day of April, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge