IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:06CR191 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| ROBERT C. GREEN, | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in federal custody (§ 2255 motion). Filing Nos. 85 and 89.

**FACTUAL BACKGROUND**

Robert C. Green contends that his counsel provided ineffective assistance during the pre-trial phase of his case. He contends that counsel failed to subpoena key witnesses, and because of that failure, induced him into pleading guilty against his will. The indictment charged in Count I that defendant transported and kidnapped a female from Kansas City, Kansas and brought her to Nebraska in violation of 18 U.S.C. § 1201(a). Count II charged that Green during this crime of violence used, carried and brandished a handgun in violation of 18 U.S.C. § 924(c). Filing No. 12. A superseding indictment charged Green in Count III with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Filing No. 19. On January 3, 2007, Green entered into an agreement to plea guilty to Counts II and III of the superseding indictment. He pled guilty to those counts. On May 4, 2007, Green filed a motion to withdraw his guilty plea. This Court overruled Green's motion and accepted the plea agreement, wherein Green agreed to plea guilty to the possession of a firearm and brandishing a firearm in return for

dismissal of the kidnapping charge. The Court sentenced Green to 120 months imprisonment on Counts II and III. Thereafter, Green appealed, arguing that this Court erred in denying the motion to withdraw his guilty plea. The Eight Circuit affirmed. *United States v. Green*, 521 F.3d 929 (8th Cir. 2008).

## DISCUSSION

### Ineffective Assistance of Counsel

Defendant alleges he received ineffective assistance of counsel based on his attorney's failure to subpoena two trial witnesses for trial. To prevail on an ineffective assistance claim, Supreme Court precedent requires a petitioner to demonstrate that counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance to such an extent that there is a reasonable probability that the outcome of the trial would have been different, absent counsel's error. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment. *Id*. at 689. Prejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Under *Strickland*, counsel's performance is "measured against an objective standard of reasonableness," and "hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments." *Rompilla v. Beard*, 545 U.S. 374, 380-81 (2005) (internal quotations and citations omitted).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *United States v. Apfel*, 97 F.3d 1074,1076 (8th Cir. 1996). "If the

2

defendant cannot prove prejudice, we need not address whether counsel's performance was deficient." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (quoting *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000)).

Defendant argues that on the day of trial he entered into the plea but only because his counsel failed to subpoena two witnesses, Micah Richardson and Green's ex-girlfriend, Michelle Kendrick. Thus, he argues that he gave his plea under duress. This Court held a hearing on the issue. Green did not offer any testimony. Further, on the day of trial Micah Richardson was present on behalf of the government and was prepared to testify. In addition, the government argued, and this Court agrees, that Green's ex-girlfriend would not have added any testimony favorable to the defendant, as she was not in the car during the relevant times at question in this case. This Court concluded that Green did not present sufficient evidence to find Green's lawyer ineffective and actually noted that Green's lawyer had done a good job for him. Further, on appeal the Eighth Circuit stated that it had no difficulty finding that Green failed to meet his burden of establishing that his plea was in involuntary or that his counsel was ineffective. *Green*, 521 F.3d at 932.

The government argues, and this Court agrees, that the defendant expressly waived his right to withdraw his guilty plea once it was entered; that this Court found Green competent; that Green expressed satisfaction with his lawyer; that Green understood the plea agreement and read and signed it; and that Green fully understood his rights and the consequences of waiving his rights. When asked about the factual basis for the plea, Green stated that he did not bring the victim against her will. Defense counsel then told the Court that this was not a crime of violence for kidnapping but one for violation of the Mann Act, which the government represented is a crime of violence. Green admitted to the Court that he brought the victim to Omaha for the purpose of prostitution. Based on

3

the evidence, the Court finds that counsel was not deficient in this case as required in *Strickland*.

Moreover, on this record Green would not be able to establish that he was prejudiced by his attorney's actions. Because "to establish prejudice from counsel's failure to investigate a potential witness, a petition must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial.'" *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996). Neither of the witnesses that Green argues his attorney should have called to testify were in the vehicle when the victim says the gun was brandished by Green. In both instances the testimony by the witness would not have been beneficial to Green and would not have made a material difference at a trial had there been one. Furthermore, Green has not made any showing that the testimony of any additional witnesses would have changed the outcome of a trial, if he had one. As was outlined above, the government had substantial evidence to support its case against Green. The Eight Circuit stated:

> The Alleged Missing Witnesses. At the hearing on the motion to withdraw, counsel made "a proffer" as to Green's understanding and state of mind at the time of the plea, without offering evidence in support. Counsel asserted that, on the morning of trial, Green understood from his attorney that Micah Richardson was not present and that counsel had not subpoenaed Michelle Kendrick, Green's former girlfriend and owner of the car he drove to Omaha with the victim. As Richardson would testify that the victim was in the car voluntarily, and Kendrick would testify she had hidden the gun in the car, counsel's ineffective assistance deprived Green of evidence critical to his defense, leaving him no choice but to plead guilty.
>
> The government responded that Richardson was present at the courthouse waiting to testify at trial as a government witness. Though Richardson would have testified that the victim was in Green's car consensually while Richardson was with them, he was dropped off before the victim claimed Green began forcing her to go to Omaha. As for potential witness Kendrick, the government noted that, even if she previously hid the handgun in the car, she was not present when the victim claimed that Green brandished the firearm while taking her to Omaha. Thus, neither witness would have established or even seriously advanced Green's

4

> innocence. At the end of the hearing, the court denied the motion, again finding that Green entered "a knowing and informed plea of guilty.... What I hear is buyer's remorse.... And as far as I'm concerned, his lawyer did a great job for him.... [H]e doesn't have enough evidence to get by a plea of guilty that was accepted by the court." We agree.

*Green*, 521 F.3d at 932.

Based on this record, the Court finds Green failed to establish either prong of the *Strickland* test to support his claim that he received ineffective assistance of counsel.[1]

THEREFORE, IT IS ORDERED THAT:

1. Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody, Filing Nos. 85 and 89, are denied;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 29th day of January, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] The Court notes for the record that current counsel for Green agrees that valid reasons existed for accepting the plea agreement, including an offense level of 40 for the kidnapping charge, which would have been a prison sentence of 360 months to life with a consecutive 84 months on Count II. Even if acquitted on Counts I and II, Green would have faced the statutory maximum ten year sentence on Count III. Counsel believes that by pleading guilty, Green received the best sentence he could receive. Filing No. 97.