IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    vs.<br><br>ROBERT C. GREEN,<br><br>          Defendant. | 8:06CR191<br><br>ORDER |

This matter is before the Court on the defendant's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Filing No. 123. The United States Court of Appeals for the Eighth Circuit has authorized the defendant to file a successive 28 U.S.C. § 2255 motion in this Court. Filing No. 124.

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

The record shows that the defendant Robert Green was charged in a superseding indictment with kidnaping in violation of 18 U.S.C. § 1201(a) and two firearm offenses—brandishing the firearm during a crime of violence under 18 U.S.C. § 924(c) and being felon in possession of a firearm under 18 U.S.C. § 922(g). Filing No. 19. He entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1

Filing No. 44. In the agreement, the government agreed to dismiss the kidnaping charge, the defendant agreed to enter a plea of guilty to the firearms charges, and the parties agreed that Green would be sentenced to ten years in prison. *Id.* Before sentencing, Green moved to withdraw the plea, but the Court denied the motion. Filing No. 55, Motion; Filing No. 57, Minute Order. The Court accepted the Rule 11(c)(1)(C) agreement and sentenced Green to 120 months imprisonment on the firearms offenses (consecutive terms of 84 months on the § 924(c) charge and 36 months on the felon in possession charge). Filing No. 61, Judgment. His conviction was affirmed on appeal. Filing No. 77. The Court denied Green's first motion to vacate, set aside, or correct his sentence under § 2255, which was based on ineffective assistance of counsel. Filing No. 101.

In his present pro se § 2255 motion, the defendant challenges his conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague). He contends the predicate offense of kidnaping is not a crime of violence. Some law supports the defendant's proposition—circuit courts have vacated Section 924(c) convictions predicted on federal kidnapping since *Davis*, because kidnapping is not categorically a crime of violence. *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) ("The government concedes that under *Davis* kidnapping in violation of 18 U.S.C. § 1201(a) is not a "crime of violence" and thus Knight's conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated."); *see also United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019)(noting that the government conceded that "the requirement that a defendant unlawfully seize, confine, inveigle, kidnap, abduct, or carry away a

2

person can be accomplished without the use of force—through inveiglement); *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) (same); *United States v. Khamnivong*, 779 F. App'x 482, 484 (9th Cir. 2019) (same); *United States v. Sanford*, 779 F. App'x 568, 570 (10th Cir. 2019) (same).  It thus appears that there may be merit to the defendant's contention that the predicate crime of federal kidnapping in violation of Section 1201(a) does not support his Section 924(c) conviction.

On initial review, the Court finds summary dismissal is not warranted.  Because "it does not plainly appear that the defendant is entitled to no relief," the government should be required to answer.  On receipt of the government's answer, the Court will determine whether to appoint counsel for Green, whether to order briefing on the merits, or whether an evidentiary hearing is required.  *See* Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1.   On initial review, the Court finds that summary dismissal is not appropriate.

2.   The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

DATED this 29th day of May, 2020.

BY THE COURT:

s/Joseph F. Bataillon
United States District Judge