IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT C. GREEN,<br><br>　　　　　　　Defendant. | 8:06CR191<br><br>UNITED STATES' ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |

　　　　COMES NOW, the Plaintiff, United States of America, and pursuant to this Court's Order dated May 29, 2020 (Filing No. 126), submits its Answer to Defendant's, Robert C. Green's ("Green"), Motion under 28 U.S.C. § 2255 (hereinafter "§ 2255 motion"), to vacate, set aside or correct sentence (Filing Nos. 123, 128).

　　　　Green challenges his conviction and sentence for 18 U.S.C. § 924(c) under <u>United States v. Davis</u>, 139 S. Ct. 2319, 2323 (2019). (Filing No. 123). He contends his conviction and sentence for use of, carrying and brandishing a firearm during a kidnapping in violation of 18 U.S.C. 924(c) is unconstitutional given the Supreme Court's retroactive holding in <u>Davis</u>. This Court has ordered the United States to respond. (Filing No. 126).

　　　　Prior motions filed under 28 U.S.C. § 2255 were denied without evidentiary hearings. (Filing No. 101, 102, 121). The Eighth Circuit has authorized this successive § 2255 motion. (Filing No. 124).

## RESPONSE TO PETITIONER'S ALLEGATION

I.   The United States Court of Appeals for the Eighth Circuit has not held that <u>United States v. Davis</u>, 139 S. Ct. 2319, 2323 (2019), has been made retroactive to cases on collateral review. The United States acknowledges, however, that <u>Davis</u> is likely to be deemed retroactive so that Green could be allowed to proceed with this § 2255 motion.

II.   The United States Court of Appeals for the Eighth Circuit has not addressed whether kidnapping is a crime of violence under the elements (force) clause of § 924(c)(3)(A).  The United States acknowledges that kidnapping likely will not be deemed to be a crime of violence under the "force" clause of § 924(c).

III.   The United States denies Green's sentence should be vacated. It was the result of a Fed.R.Crim.P. 11(c)(1)(C) plea agreement which was not based on the Sentencing Guidelines. A sentence of ten years was agreed upon per the plea agreement.  Even if the § 924(c) conviction is vacated, a ten year sentence for just the felon in possession conviction does not exceed the statutory maximum for that offense.

IV.   The United States submits that upholding the agreed on ten year sentence would not be a miscarriage of justice. Green's agreed upon sentence was at the low end of his applicable Guideline range for just the felon in possession count without even considering the additional 84 months that would have been required under the additional § 924(c) conviction. Green cannot show the ten year sentence for the felon in possession conviction was unreasonable or constitutes a miscarriage of justice.

V.      The United States further submits an evidentiary hearing will not be needed as this matter can be resolved on the basis of the record and files before the Court.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA
>JOSEPH P. KELLY
>United States Attorney
>
>
>By: s/Douglas R. Semisch
>DOUGLAS R. SEMISCH (#16655)
>Assistant United States Attorney
>1620 Dodge Street, Suite 1400
>Omaha, Nebraska 68102-1506
>(402) 661-3700
>E-mail:  doug.semisch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system which sent notification of said filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

>Robert C. Green
>Reg. No. 20852-047
>USP Atwater
>PO Box 019001
>Atwater, CA 95301

>*s/ Douglas R. Semisch*
>DOUGLAS R. SEMISCH
>Assistant United States Attorney

CERTIFICATE OF COMPLIANCE

  Pursuant to NECivR 7.1(d)(3), I hereby certify that this brief complies with the requirements of NECivR 7.1(d)(1).  Relying on the word-count function of Microsoft Office Word 2016, this document contains 679 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

              *s/ Douglas R. Semisch*
              DOUGLAS R. SEMISCH
              Assistant United States Attorney