IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT C. GREEN,<br><br>　　　　　　Defendant. | 8:06CR191<br><br>UNITED STATES' BRIEF IN SUPPORT OF ITS ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE |

**BRIEF IN SUPPORT OF THE UNITED STATES' ANSWER TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Submitted by:

JOSEPH P. KELLY
United States Attorney
for the District of Nebraska

And

DOUGLAS R. SEMISCH (#16655)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone: (402) 661-3700

## **INTRODUCTION**

The Defendant, Robert C. Green (hereinafter "Green"), moved this Court, under Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. (Filing Nos. 123 & 128). In his § 2255 motions, Green challenges his conviction and sentence for the 18 U.S.C. § 924(c) count under United States v. Davis, 139 S. Ct. 2319, 2323 (2019). (Filing No. 123, p. 2). He contends his conviction and sentence for use of, carrying and brandishing a firearm during a kidnapping in violation of 18 U.S.C. 924(c) is unconstitutional and apparently seeks retroactive application of Davis.

Green's motion should be denied on two grounds. First, because the felon in possession conviction remains unchallenged, and, as addressed below, given the Sentencing Guidelines for that offense, the defendant's ten year sentence was reasonable even without consideration of the § 924(c) charge. Second, the ten year sentence imposed was pursuant to a Rule 11(c)(1)(C) plea agreement which was not based on the sentencing guidelines and therefore should be upheld.

While the § 924(c) conviction is likely to be vacated in this case, the § 922(g) felon in possession conviction remains and is not being challenged by Green. The statutory maximum punishment for that offense is ten years. The Rule 11(c)(1)(C) plea agreement in this case called for an agreed sentence of ten years. Notably, the terms of that plea agreement did not apportion the time to be served between the two counts of conviction. Rather, just a ten year sentence was agreed upon. Green did not file any objections to the Sentencing Guidelines calculations by the Probation Office. With respect to just the felon in possession charge, those calculations placed Green's sentencing range at 324 to 405 months, but with a cap at 120 months due to the statutory

maximum.[1]  In that sense, the ten year sentence that Green received was at both the low and high end of the guideline range for just the felon in possession conviction, but as a low end of the range sentence, it was entirely reasonable, and it is not a miscarriage of justice for such a sentence to remain.

Although more than ten years have elapsed since Green was sentenced, the question of the length of the Nebraska sentence still must be resolved because Green was convicted of another federal offense while serving the sentence in this case in Louisiana.  That Louisiana sentence was for a term of five years and was to be served consecutive to the Nebraska sentence.

The United States does not believe the Eighth Circuit has addressed either the retroactive application of Davis or whether kidnapping is a crime of violence under the "force" clause of § 924(c).  However, the United States acknowledges that Davis is likely to be deemed retroactive so that Green could be allowed to proceed with this § 2255 motion.  The United States further acknowledges that kidnapping likely will not be deemed to be a crime of violence under the "force" clause of § 924(c).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and this Court's Order of May 29, 2020, the United States is required to respond.  (Filing No. 126).

## RELEVANT PROCEDURAL AND FACTUAL HISTORY

On June 22, 2006, a grand jury in the District of Nebraska returned a two count indictment against Robert Green.  (Filing No. 12). Count I charged that on or about May 21, 2006, Green unlawfully and willfully seized, confined, kidnapped, abducted, and carried away

---

[1] The PSR determined the range for the § 924(c) count was 84 months to be served consecutive to the 120 months for the felon in possession count.  (PSR, ¶¶ 95-98)

3

for ransom, reward or otherwise, a female by taking said female against her will in Kansas City, Kansas and transporting her to the State of Nebraska in violation of Title 18, United States Code, Section 1201(a).  Count II charged that on or about May 21, 2006, Green, during and in relation to a crime of violence, did use, carry, and brandish a firearm, in that during the kidnaping charged in Count I, Green used, carried, and brandished a handgun in violation of Title 18, United States Code, Section 924(c).  A superseding indictment was filed on August 23, 2006, which added Count III which charged Green with being a felon in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Filing No. 19).

On January 3, 2007, Green entered into a plea agreement pursuant to Fed.R.Crim.P. 11(c)(1)(C) with the government. (Filing No. 44 ¶ 2). The plea agreement provided that Green plead guilty to count II (the § 924(c) count) and count III (the § 922(g) count) of the superseding indictment with count I to be dismissed at sentencing. (Id. at ¶ 1, 3). This Rule 11(c)(1)(C) agreement did not reference the sentencing guidelines.

The plea agreement further called for an agreed sentence of ten years.  (Id. at ¶ 2). The plea agreement did not specify the amount of time to be allocated to either count.  Rather, it simply called for a sentence of ten years.

Green did not file an objection to the Presentence Investigation Report.  That report determined that the Sentencing Guideline range for the felon in possession charge would have been well in excess of the statutory maximum, so it was capped at 120 months.  The sentence for the § 924(c) charge was 84 months to be served consecutive to the felon in possession sentence. (PSR, ¶¶ 95-98.)

The Court accepted the plea agreement between the government and Green. (Filing No. 60). The Court sentenced Green to 120 months imprisonment collectively on Counts II and III of

the superseding indictment, supervised release for 3 years, and a special assessment of $200. (Filing Nos. 60 and 61). The judgment specifically allocated the time per count as follows:  (a) 84 months on Count II (the § 924(c) count); and (b) 36 months on Count III (the § 922(g) count). Filing No. 61).

While serving his sentence in the instant case, Green was indicted in the United States District Court for the Western District of Louisiana at case number 2:10CR219 for possession of contraband while in prison, in violation of 18 U.S.C. §§1791(a)(2) and (b)(3). The defendant was convicted of this offense and was sentenced on December 19, 2011, to a term of imprisonment of 60 months to be served consecutively to his Nebraska sentence. Due to this conviction, the defendant has not been released from custody.

Prior § 2255 motions were denied.  However, the Eighth Circuit has authorized this successive § 2255 motion.

## APPLICATION OF 28 U.S.C. § 2255

A petitioner may collaterally attack his sentence through § 2255 on four grounds for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law or (4) the sentence is otherwise subject to collateral review. 28 U.S.C. § 2255(a). "The statute provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence." United States v. Cook, 2017 WL 2312874, *1 (D. Neb. 2017) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice." Id. The petitioner bears the burden of showing that he is entitled to relief.

5

Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970).  For the reasons noted herein, the United States submits that Green will not be able to sustain his burden of showing his sentence was the result of a miscarriage of justice.

The fact that Green might have completed the Nebraska sentence he challenges does not make § 2255 unavailable, as he is now serving another sentence. See Garlotte v. Fordice, 515 U.S. 39, 47 (1995) (holding that a petitioner who is serving consecutive sentences is "in custody" and may attack the sentence scheduled to run first, even after it has expired, until all sentences have been served); DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) (explaining that the Garlotte rule applies even when the consecutive sentence is imposed at a different time), Foster v. Booher, 296 F.3d 947, 950 (10th Cir. 2002) (applying Garlotte, where defendant was sentenced to consecutive sentences by different courts at different times.), Phillips v. Norward, 614 Fed.Appx. 583 n.1 (3rd Cir. 2015) (unpublished) (noting that defendant may no longer be serving the sentence he challenges, but rather serving a later imposed consecutive sentence and § 2255 is available because defendant is "in custody" on the completed sentence while serving the consecutive sentence) (citing Garlotte v. Fordice, 515 U.S. 39, 47 (1995)).

## RETROACTIVE APPLICATION OF DAVIS

Because this is a successive § 2255, Green must satisfy the requirements of 28 USC § 2255(h)(2).  Green's claim must be based on a new rule of constitutional law which was made retroactive by the Supreme Court.  Green's motion makes no such allegation.

Notwithstanding the foregoing, the United States advises the Court that although the Eighth Circuit has not held that Davis was made retroactive to cases on collateral review, other courts that have addressed the issue, found retroactive application.  In re Hammoud, --- F.3d ---, No. 19-12458-G, 2019 WL 3296800, at *2-4 (11th Cir. July 23, 2019) ("[F]or purposes of

§ 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in Davis and Welch 'necessarily dictate' that Davis has been 'made' retroactively applicable to criminal cases that became final before Davis was announced."); In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019) ("Because Davis has the same limiting effect on the range of conduct or class of people punishable under § 924(c) that Johnson has with respect to the ACCA, Welch dictates that Davis—like Johnson—"announced a substantive rule that has retroactive effect in cases on collateral review[.]"); In re Matthews, --- F.3d ---, 2019 WL 3808351, at *4 (3d Cir. Aug. 14, 2019) (Based on Davis, the court found defendants prima facie requirements applicable to second or successive 2255 motions.).

Although Davis does not expressly address whether the rule is retroactive, an explicit statement of retroactivity is not necessary. The Supreme Court has recognized that, "with the right combination of holdings," it can "make" a new rule retroactive without saying so explicitly. See, Tyler v. Cain, 533 U.S. 656, 666 (2001). Thus, a rule invalidating a federal statute as unconstitutionally vague is a substantive ruling of constitutional law that has necessarily been "made" retroactive to cases on collateral review, just as was true of Johnson v. United States, 135 S. Ct. 2551 (2015).  See Welch v. United States, 136 S. Ct. 1257, 1265 (2016); see also Hammoud, --- F.3d ---, 2019 WL 3296800, at *4 ("[F]or purposes of Section 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in Davis and Welch 'necessarily dictate' that Davis has been 'made' retroactively applicable to criminal cases that became final before Davis was announced.").

## THE "FORCE" CLAUSE OF § 924(c) AS APPLIED TO KIDNAPPING

With the residual clause of §924(c) having been stricken by Davis, the question now is whether kidnapping is a crime of violence under the elements (force) clause of § 924(c)(3)(A).

7

The Eighth Circuit does not appear to have addressed this issue such that this Court is free to make its own determination.  However, as it must, the United States acknowledges that the other courts to have addressed this issue have held that kidnapping is not a crime of violence under the force clause.  United States v. Walker, --- F.3d ---, 2019 WL 3756052, at *2 (4th Cir. Aug. 9, 2019); United States v. Campbell, 783 Fed.Appx. 311 (4th Cir. 2019) (unpublished); United States v. Thompson, 2019 WL 5704693 (4th Cir. 2019) (unpublished) (same); United States v. Khamnivong, 779 Fed.Appx. 482 (9th Cir. 2019) (unpublished); Knight v. United States, 936 F.3d 495, 497 (6th Cir. 2019); Augustin v. United States, 2020 WL 207942, *2 (E.D. Tenn. 2020); United States v. Noble, 2017 WL 9807139 (W.D. Ark. 2017) (unpublished).

Should this Court determine kidnapping does not qualify as a crime of violence under the "force" clause, then Green' conviction on the § 924(c) count would have to be vacated.  The felon in possession conviction will remain as Green is not challenging that count of conviction and, in fact, has suggested the Court re-sentence him to seven years for that conviction. (Filing No. 128).

### **GREEN'S SENTENCE SHOULD NOT BE VACATED BECAUSE IT WAS THE RESULT OF A RULE 11(c)(1)(C) PLEA AGREEMENT NOT BASED ON THE SENTENCING GUIDELINES AND BECAUSE THE TEN YEAR SENTENCE IMPOSED WAS REASONABLE GIVEN THAT TEN YEARS WAS THE LOW END OF GREEN'S SENTENCING GUIDELINES RANGE FOR JUST THE FELON IN POSSESSION CONVICTION.**

Green's actual sentence of ten years should not be vacated even though the § 924(c) conviction may be vacated pursuant to Davis.  This is because the parties agreed to a ten year sentence pursuant to a Rule 11(c)(1)(C) plea agreement which did *not* refer to the Sentencing Guidelines.  Moreover, even without considering the § 924(c) conviction, the sentence of ten years was reasonable because it was at the low end of the Sentencing Guidelines range for just

Green's felon in possession conviction. For these reasons, Green cannot show the ten year sentence constitutes a miscarriage of justice. Accordingly, his § 2255 motion should be denied.

The United States is not unmindful of this Court's decision in United States v. Beck, 2016 WL 3676191 (D. NE 2016). However, Beck is distinguishable from the instant case. The sentence in Beck was the result of a Rule 11(c)(1)(C) plea agreement which this Court found was based upon the Sentencing Guidelines. By way of contrast, however, the Rule 11(c)(1)(C) plea agreement in the instant case is not based in any way on the Sentencing Guidelines. This is a key distinction. Indeed, in similar circumstances to the instant case, where the agreed sentence was not based on the Sentencing Guidelines, then Chief Judge Smith Camp denied the defendant's § 2255 motion even though the reasoning of Johnson v. United States, 576 U.S. 591 (2015) might otherwise have applied. Perry v. United States, 2016 WL 1716798 (D. Neb. 2016). In this respect, Judge Smith Camp noted that whether or not the Sentencing Guidelines were properly applied was immaterial because the defendant was sentenced pursuant to the terms of a Rule 11(c)(1)(C) agreement. Id. at 2.

Admittedly Perry involved a single count of conviction whereas the instant case involved convictions under § 924(c) and § 922(g) with the § 924(c) conviction to be vacated. The point remains the same, however—Green agreed to a specific sentence without regard to what the Sentencing Guidelines would have called for. Other district courts are in agreement. United States v. Jimenez, 2018 WL 563843 (W.D.Va. 2018); Quinn v. United States, 2016 WL 6989774 (D. Utah 2016).

In Jimenez, the defendant was convicted on two counts, two wit: (a) a conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A); and (b) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Pursuant to a Rule

11(c)(1)(C) agreement, Jimenez agreed to plead guilty to those two counts in exchange for a dismissal of all remaining counts. Jimenez further agreed to a sentence of 240 months without an allocation of time between the two counts. The district court found the sentence for the drug conspiracy did not need to be vacated, in part, because the sentence was the product of the Rule 11(c)(1)(C) plea agreement which was not based on the Sentencing Guidelines. In so ruling, the court noted, "As such, even if Jimenez's career offender status is deemed erroneous, that affords no basis upon which to set aside his sentence, which was not guidelines-based." United States v. Jimenez at 3.

Admittedly, the Jimenez court did find the 240 month sentence for the separate felon in possession conviction did need to be vacated after it determined under Johnson that one of Jimenez's prior felony convictions did not qualify as a crime of violence under the Armed Career Criminal Act. However, that was only because the 240 month sentence exceeded the statutory maximum allowed for a felon in possession conviction without an ACCA enhancement. Thus, the district court held that resentencing was in order on that basis. By way of contrast in the instant case, the ten year sentence for the felon in possession conviction did not exceed the statutory maximum and was at the low end of Green's applicable guideline range for just the felon in possession count. Accordingly, resentencing is not required in the instant case.

In Quinn, the district court expressly distinguished this Court's decision in Beck. The Quinn court noted that the plea agreement in Beck was tied to the Sentencing Guidelines whereas Quinn's plea agreement contained no language suggesting that the agreed upon sentence was based on the Sentencing Guidelines. Quinn, 2016 WL 6989774 at 7. The district court further distinguished Beck by noting the agreed upon sentence was half of what the guidelines called for with the § 4B1.2 residual clause enhancement and even less than what the guidelines

called for without the § 4B1.2 enhancements, whereas in Beck the agreed upon sentence of 110 months was based on the guidelines with the career offender enhancements invalidated by Johnson. Ultimately the Quinn court found the PSR's reference to the § 4B1.2 enhancements was inconsequential as the sentence imposed "…was dictated by the terms of Mr. Quinn's plea agreement, not on the application of the USSG." Id. at 8.

    The United States asserts the Beck decision is further distinguishable from the instant case. This Court in Beck, noted that absent the career offender enhancements, the sentence would have been significantly different. This Court further stated in Beck that absent some unusual circumstances, the Court would not give a 110 month sentence to a felon in possession who was not subject to the career offender enhancements. By way of contrast, the instant case does present different circumstances warranting the 120 month sentence. Beck was merely a convicted felon who possessed firearms after his felony conviction and had not used the firearms in connection with another crime. In the instant case, Green did use the firearm in connection with another felony. As noted by the PSR, which Green did not file an objection to, because of that use of the weapon, the guideline range for Green was driven by the cross reference of USSG § 2K2.1(c).[2] (PSR, ¶¶ 35-38). Thus, unlike Beck's guideline range which was at 110 months only with the career offender enhancements, Green's guideline range was 324 to 405 months, but was capped at the statutory maximum of 120 months without any consideration of any career offender enhancements. This means Green's agreed upon sentence was at the low end of his applicable guideline range without even considering the additional 84 months that would have been required under the additional § 924(c) conviction. These circumstances make Green's case markedly different than Beck's and do, in fact, warrant the 120 month (ten year) sentence agreed

---

[2] This cross reference did not require the connected crime to be a violent crime.

11

upon in the plea agreement. In this regard, a sentence at the low end of the guideline range for an offender with a criminal history category of VI is a very reasonable sentence. Accordingly, there was no miscarriage of justice by the court's imposition of this sentence such that vacation of the sentence is not warranted under § 2255.

## CONCLUSION

The United States respectfully submits Robert Green is not entitled to post-conviction relief and his § 2255 Motion should be denied. The United States further submits an evidentiary hearing will not be needed as this matter can be resolved on the basis of the record and files before the Court.

        Respectfully submitted,

        UNITED STATES OF AMERICA
        JOSEPH P. KELLY
        United States Attorney

        By: s/Douglas R. Semisch
        DOUGLAS R. SEMISCH (#16655)
        Assistant United States Attorney
        1620 Dodge Street, Suite 1400
        Omaha, Nebraska 68102-1506
        (402) 661-3700
        E-mail: doug.semisch@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system which sent notification of said filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

    Robert C. Green
    Reg. No. 20852-047
    USP Atwater
    PO Box 019001
    Atwater, CA 95301

                                            *s/ Douglas R. Semisch*
                                            DOUGLAS R. SEMISCH
                                            Assistant United States Attorney


CERTIFICATE OF COMPLIANCE

      Pursuant to NECivR 7.1(d)(3), I hereby certify that this brief complies with the requirements of NECivR 7.1(d)(1). Relying on the word-count function of Microsoft Office Word 2016, this document contains 3653 words. The word-count function was applied to all text, including the caption, headings, footnotes, and quotations.

                                            *s/ Douglas R. Semisch*
                                            DOUGLAS R. SEMISCH
                                            Assistant United States Attorney