IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:06CR191 |
| vs. | ORDER |
| ROBERT C. GREEN, | |
| Defendant. | |

This matter is before the Court on the defendant's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, Filing No. 123. The United States Court of Appeals for the Eighth Circuit has authorized the defendant to file a successive 28 U.S.C. § 2255 motion in this Court. Filing No. 124. In his present pro se § 2255 motion, the defendant challenges his conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) (finding the residual clause of § 924(c)(3)(B) unconstitutionally vague). He contends the predicate offense of kidnapping is not a crime of violence.

In its Answer to the defendant's motion, the United States (hereinafter, "the Government") acknowledges that the *Davis* case is likely to be deemed retroactive, allowing Green to proceed with this § 2255 motion. It also acknowledges that, although the United States Court of Appeals for the Eighth Circuit has not addressed whether kidnapping is a crime of violence under the elements (force) clause of § 924(c)(3)(A), kidnapping likely will not be deemed to be a crime of violence under the "force" clause of § 924(c). It denies, however, that Green's sentence should be vacated, arguing that the sentence was the result of a Federal Rule of Criminal Procedure 11(c)(1)(C) plea

1

agreement and that, even if the § 924(c) conviction is vacated, a ten-year sentence should be imposed on the felon-in-possession conviction.[1] It contends that the sentence does not exceed the statutory maximum for that offense and argues that the plaintiff cannot show that the ten-year sentence for the felon-in-possession conviction would be unreasonable or would constitute a miscarriage of justice. Green urges the Court to sentence him to time served and presents evidence of courses and programs he has completed while incarcerated. Filing No. 28, Supplemental Information.

I.   FACTS

The record shows that the defendant, Robert C. Green, was charged in a superseding indictment with kidnapping in violation of 18 U.S.C. § 1201(a) and two firearm offenses—brandishing the firearm during a crime of violence under 18 U.S.C. § 924(c) and being felon in possession of a firearm under 18 U.S.C. § 922(g). Filing No. 19. He entered into a binding plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). Filing No. 44. In the agreement, the government agreed to dismiss the kidnapping charge, the defendant agreed to enter a plea of guilty to the firearms charges, and the parties agreed that Green would be sentenced to ten years in prison. *Id*. Before sentencing, Green moved to withdraw the plea, contending that kidnapping was not a crime of violence, but the Court denied the motion. Filing No. 55, Motion; Filing No. 57, Minute Order. The Court accepted the Rule 11(c)(1)(C) agreement and sentenced Green to 120 months imprisonment on the firearms offenses (consecutive terms of 84

---

[1] Though the government argues that the Rule 11(c)(1)(C) agreement was not based on the Guidelines, a sentence imposed pursuant to a Type-C agreement is "based on" the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement. *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018). The Court considered and relied on the Guidelines in accepting the agreement and in sentencing the defendant.

2

months on the § 924(c) charge and 36 months on the felon in possession charge). Filing No. 61, Judgment.  He appealed his conviction and sentence, contending this Court erred in denying his motion to withdraw his guilty plea and again arguing that the underlying predicate offense was not a crime of violence that could support his § 924(c) conviction.  Filing No. 77.  The Eighth Circuit rejected his argument and affirmed his conviction.  Id.  This Court later denied Green's first motion to vacate, set aside, or correct his sentence under § 2255, which was based on ineffective assistance of counsel.  Filing No. 101.

While serving his sentence in the instant case, Green was indicted in the United States District Court for the Western District of Louisiana for possession of contraband while in prison, in violation of 18 U.S.C. §§1791(a)(2) and (b)(3).  *United States v. Green*, 2:10CR219, Filing No. 1, Indictment (W.D. La. July 13, 2010).  The defendant was convicted of that offense and was sentenced on December 15, 2011, to a term of imprisonment of 60 months to be served consecutively to his Nebraska sentence, followed by three years of supervised release.[2]  *Id.*, Filing No. 54, Judgment (W.D. La. December 15, 2011).  Due to that conviction, Green has not been released from custody.[3]  According to the Bureau of Prisons website, he is scheduled to be released on August 11, 2020.  See https://www.BOP.gov/inmateloc/; Filing No. 128, Letter with

---

[2] Terms of supervised release generally run concurrently.  18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.").

[3] The fact that Green may have completed the Nebraska sentence, he challenges, does not make § 2255 unavailable, as he is now serving another sentence.  See *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995) (consecutive sentences are viewed in the aggregate—invalidation of one conviction would advance the date of his eligibility for release from present incarceration).  The Court can to review a completed sentence when the prisoner is still serving a sentence imposed by a different court at a different time. *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005); *Foster v. Booher*, 296 F.3d 947, 950 (10th Cir. 2002).

3

attached Individualized Re-entry Plan-Program Review. Green has been in custody since May 21, 2006. Filing No. 6.

II.   DISCUSSION

In light of the *Davis* case and the Government's concessions, the Court finds Green's conviction on Count II must be vacated. If *Davis* had been the law at the time of the defendant's conviction, the Court would likely have granted the defendant's motion to withdraw his Rule 11(c)(1)(C) plea as to that count. The Court finds the defendant is entitled to relief under § 2255 because, in light of *Davis*, he is serving an unauthorized sentence. The underlying kidnapping charge cannot qualify as a violent felony under 18 U.S.C. § 924(c).

There remains the issue of what the Court would have sentenced Green to on only the felon-in-possession charge. In resentencing a defendant who prevails on a § 2255 motion, the district court generally performs a fresh review of the 18 U.S.C. § 3553(a) factors, including the nature of the offense, history and characteristics of the defendant, the need to deter criminal conduct, and the need to protect the public from further crimes by the defendant. *See United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir. 2015) (per curiam) (ordering that, on remand for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence"); *see also Gall V. United States*, 552 U.S. 38, 49-50 & n.6 (2007). The § 3553 factors include consideration of the defendant's advisory Guidelines range. 18 U.S.C. § 3553(a)(4)(A).

A violation of 18 U.S.C. § 922(g) carries a maximum sentence of ten years. The presentence investigation report ("PSR") assigned Green a base offense level of 20

under U.S.S.G. § 2K2.1(a)(4)(A), because he committed the instant firearm offense after sustaining one felony conviction for a crime of violence. Filing No. 63, PSR (Sealed) at 8. That base offense level calculation would still apply without considering the vacated conviction, because Green has a felony conviction for aggravated robbery. *Id.* The Court finds the defendant's Guidelines base offense level would then have been enhanced by two points for possession of a stolen weapon under § 2K2.1(b)(4)(A), and by 4 points under § 2K2.1(b)(6)(B) for use of a firearm in connection with another offense (whether violent or not), resulting in an offense level of 26. He would have received a 2-point reduction for acceptance of responsibility, resulting in a total offense level of 24.

Green was assessed twelve criminal history points for crimes such as assault, aggravated robbery, assault on a law enforcement officer, domestic battery, driving while intoxicated, and possession of marijuana. *Id.* at 9-19. Two criminal history points would be added for committing the offense while on probation under § 4A1.1(d) and one point for committing the offense within two years of release on another conviction under § 4A1.1(e), resulting in 15 criminal history points and a criminal history category of VI. Green would be in criminal history category VI, regardless of whether he would be characterized as a career offender under the U.S.S.G. 4B1.1. *See id.* at 9. Under the Guidelines then in force, Green's Guidelines range would have been 100 to 125 months. U.S.S.G. Manual Ch. 5, Pt. A (2007). His sentence is capped at the statutory maximum of 120 months, making his Guidelines range 100 to 120 months for the felon-in-possession conviction.

In consideration of the § 3553(a) factors, the court finds the nature of the offense is serious and the defendant has a significant criminal history. A sentence close to the midpoint of the advisory Guidelines range, or 110 months would satisfy the need to deter criminal conduct and the provision of three years of supervised release will protect the public from further crimes by the defendant. Because the defendant has now served longer than that in conjunction with his other conviction, the Court finds the defendant should be sentenced to time served. The Court finds the defendant will benefit from a term of supervised release of three years that is concurrent to supervised release on his Louisiana conviction.

Accordingly, the Court finds the defendant's motion for § 2255 relief should be granted, and Green should be sentenced to a sentence of time served, followed by three years of supervised release.

THEREFORE, IT IS ORDERED:

1. The defendant's motion for habeas corpus should be granted.

2. The defendant will be sentenced to time served, followed by three years of supervised release with the same terms and conditions of release as previously ordered.

3. An amended J & C, as well as a judgment on the § 2255 motion, will issue.

DATED this 26th day of June, 2020.

> BY THE COURT:
>
> s/Joseph F. Bataillon
> United States District Judge